IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                     )<br>                       Plaintiff,         )<br>                                                     )<br>      vs.                                         )<br>                                                     )<br>KEVIN SPECHT,                            )<br>                                                     )<br>                       Defendant.      ) | 8:09CR101<br><br>REPORT AND<br><br>RECOMMENDATION |

This matter is before the court on the motion to suppress filed by defendant Kevin Specht (Specht) (Filing No. 29). Specht is charged in the Indictment with a conspiracy to distribute and possess with intent to distribute methamphetamine during the period of October 1, 2005, through March 2009, in violation of 21 U.S.C. § 846. Specht seeks to suppress evidence seized from the vehicle he was driving on March 11, 2009, by officers of the Southeast Area Drug Enforcement Task Force (SEADE).

Evidentiary hearings were held on Specht's motion on August 14 and 20, 2009. Specht was present for the hearings along with his counsel, Kristina B. Murphree. The United States was represented by Assistant U.S. Attorney Kimberly C. Bunjer. During the hearing, the court heard the testimony of Investigator John Chavez with the Gage County Sheriff's Office (Investigator Chavez), Sergeant Jay Murphy with the Beatrice Police Department (Sergeant Murphy), Officer Douglas Coon with the Beatrice Police Department (Officer Coon), and Raymond E. Scott (Mr. Scott). The court also received into evidence a copy of the Towing Policy from the Beatrice Police Department Standard Operating Procedure (Exhibit 1). A transcript of the hearing (TR.) was filed on August 27, 2009 (Filing No. 48). Post hearing briefing was completed on September 14, 2009.

**FINDINGS OF FACT**

On March 10, 2009, Specht was under surveillance by SEADE for suspected drug trafficking at the Holiday Villa in Beatrice, Nebraska (TR. 4). Around 11 p.m., Investigator Chavez located a red Chevrolet 4x4 pickup in the Holiday Villa parking lot (TR. 5). This pickup was registered to Specht and matched the vehicle description provided by a

cooperating individual who previously had been arrested in the methamphetamine manufacturing scheme (TR. 4-5). During the surveillance, Investigator Chavez observed the hotel owner, Mr. Scott, drive into the parking lot, park his car, open the door to the pickup, lean inside, and then enter the motel (TR. 5). Around 2 a.m. on March 12, 2009, Investigator Chavez observed a person of Specht's general description enter the red pickup and drive off (TR. 6). Investigator Chavez followed the red pickup to a residence in Beatrice where surveillance ended for the evening (TR. 6-7). Investigator Chavez began surveillance at the Holiday Villa the next day around 9:40 a.m. and again observed the red pickup in the Holiday Villa parking lot (TR. 7). Investigator Chavez observed Specht enter the red pickup and drive off (TR. 7). Investigator Chavez followed the red pickup to the same Beatrice residence as the night before (TR. 8). The SEADE officers were aware Specht had two active warrants for his arrest from Gage County and had a suspended driver's license (TR. 6). Investigator Chavez contacted the Beatrice Police duty officer, Sergeant Murphy, and requested Specht be traffic stopped and arrested based on the outstanding warrants and Specht's driving under suspension (TR. 8).

     Around 11:30 a.m. on March 12, 2009, Sergeant Murphy heard from Investigator Chavez that Specht was moving in his pickup (TR. 27). Sergeant Murphy followed the pickup and Sergeant Murphy activated his overhead red lights when the pickup turned onto North 6th Street (TR. 27). Thereafter, the pickup drove into the Holiday Villa parking lot and stopped (TR. 27). Sergeant Murphy got out of his patrol vehicle and approached the driver's side of the pickup where Specht was seated (TR. 27). Sergeant Murphy told Specht the stop was made because Specht may have two active warrants and Specht had a suspended driver's license (TR. 28). Sergeant Murphy asked Specht to step out of the pickup, placed Specht in handcuffs, and seated Specht in the back of Sergeant Murphy's patrol car (TR. 28). Sergeant Murphy contacted his dispatch and requested confirmation of the warrants and Specht's license suspension (TR. 28-29). In less than ten minutes, the warrants were confirmed as well as Specht's license suspension status and Sergeant Murphy informed Specht that Specht was under arrest (TR. 29). Mr. Scott arrived at the scene and Specht asked that his wallet and a dog, which was in the pickup, be turned over to Mr. Scott (TR. 32). Before turning the wallet over to Mr. Scott, Sergeant Murphy asked

Specht if Sergeant Murphy could inspect the wallet and Specht agreed to the inspection (TR. 33).  Officer Coon, previously summoned, arrived on the scene whereupon Sergeant Murphy told Officer Coon to inventory and tow the pickup (TR. 30).  It is Beatrice Police Department's policy to tow a vehicle when the driver is arrested away from that person's private property and the vehicle is not released to someone else (TR. 36; Exhibit 1, § III(B)(1)). Sergeant Murphy transported Specht to the detention center (TR. 30). Mr. Scott testified that the officers never had a conversation with him about leaving the pickup on his property (TR. 72).

Officer Coon assisted in the inventory and towing of Specht's pickup (TR. 43). Before Specht was taken from the scene, Specht asked if Mr. Scott could take the pickup and was told the officers would check with Mr. Scott and see if Mr. Scott would agree to take it (TR. 30; 47-48).  Officer Coon asked Mr. Scott if Mr. Scott wanted the pickup on his property (Holiday Villa), and Mr. Scott stated he did not want the vehicle on his property (TR. 44; 48).  Investigators Chavez and Vass assisted in the inventory of the pickup (TR. 56-57).  In the cab of the pickup on the floorboard of the driver's side of the pickup, Investigator Vass found a camera case containing drug paraphernalia and pseudoephedrine pills while Investigator Chavez almost simultaneously found pseudoephedrine pills in pill bottles on the console (TR. 57; 59).  No other items of evidence was discovered or seized from the pickup (TR. 59).

## LEGAL ANALYSIS

In his motion, Specht asserts the evidence seized from Specht's pickup was seized without a warrant and should be suppressed under the holding of **Arizona v. Gant**, 129 S. Ct. 1710 (2009) since Specht was arrested and removed from his pickup prior to the search of the pickup.  The government did not justify the search incident as to arrest, and **Gant** does not apply.  The government relied upon the inventory exception to the Fourth Amendment warrant requirement. **South Dakota v. Opperman**, 428 U.S. 364, 373 (1976). Specht argues the inventory search was a ruse and also violated the Beatrice Police Department policy on impounding vehicles and inventories of such impounded vehicles.

3

It is clear Specht was suspected of drug trafficking activity by the SEADA officers. Specht's vehicle was stopped after some period of surveillance. However, Specht was driving the pickup while under suspension and there were two warrants for his arrest. Accordingly, there was probable cause to stop the vehicle and arrest Specht. While a law enforcement officer may suspect he may uncover evidence of drug activity in a vehicle, as long as the impoundment was valid and inventory search was conducted in accordance with standard policy, the seizure of incriminatory evidence is valid. ***United States v. Petty***, 367 F.3d 1009, 1013 (8th Cir. 2004) (**citing *United States v. Garner***, 181 F.3d 988, 991-92 (8th Cir. 1999)).

Beatrice Police Department policy permits an officer to impound a vehicle where the driver is arrested and there is no other licensed driver at the scene to whom the vehicle can be released (Exhibit 1, § III9B)(1)). Specht argues Mr. Scott was available to take possession of the pickup since he already took possession of Specht's wallet and dog. Mr. Scott testified he was not asked to take possession of the pickup (TR. 71-72). Sergeant Murphy and Officer Coon testified that Officer Coon asked Mr. Scott about the pickup and Mr. Scott told Officer Coon he (Mr. Scott) did not want the vehicle on his property (TR. 40; 44). The court credits Officer Coon's and Sergeant Murphy's testimony and finds the Beatrice Police Department policy was followed regarding the impoundment of Specht's pickup.

Specht also argues a search warrant should have been sought when the first item of contraband was found in the pickup in accordance with the Beatrice Police Department policy. The court finds the discovery of the contraband by Investigator Chavez and Investigator Vass was practically simultaneous. There was no other contraband or items of evidentiary use discovered after the discovery of the camera case and pill bottles. Accordingly, any disregard of the Beatrice Police Department policy in seeking a search warrant for a complete search of the pickup upon discovery of contraband is *de minimus*. Even when law enforcement fails to conduct a search according to standardized procedures, this does not mandate the suppression of the evidence discovered as a result of the search. ***United States v. Mayfield***, 161 F.3d 1143, 1145 (8th Cir. 1998) ("Compliance with procedures merely tends to ensure the intrusion is limited to carrying out

4

the government's care-taking function.") (**citing *Opperman***, 428 U.S. at 374-75).  There must be something else; something to suggest the police raised "the inventory-search banner in an after-the-fact attempt to justify" a simple investigatory search for incriminating.  ***United States v. Marshall***, 986 F.2d 1171, 1175 (8th Cir. 1993).  Considering all of the evidence and circumstances, the court finds the inventory search in this case was reasonable and did not violate the Fourth Amendment.  Specht's motion to suppress should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Specht's motion to suppress (Filing No. 29) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 6th day of October, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge