IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>          Plaintiff,                             )<br>                                                              )<br>     v.                                                  )<br>                                                              )<br>KEVIN SPECHT,                                )<br>                                                              )<br>          Defendant.                         )<br>_____ ) | 8:09CR101<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's objections, Filing No. 56, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 54, concerning the defendant's motion to suppress, Filing No. 29. Count I of the Indictment charges the defendant with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. Filing No. 1.

Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record and exhibits, including the transcript of the suppression hearing, Filing No. 55. The court agrees with the magistrate judge's recitation of the facts and of the law. The court finds the defendant's objections to the R&R should be overruled and the defendant's motion to suppress denied.

The facts are not in dispute. The court adopts the factual determinations made by the magistrate judge and incorporates them into this Memorandum and Order. Consequently, the court will only summarize the facts as needed for purposes of this

Memorandum and Order. On March 10, 2009, the Southeast Area Drug Enforcement Task Force ("SEADE") had the defendant under surveillance for suspected drug activities. A confidential informer told SEADE officers that the defendant drove a red pickup. On March 10, 2009, officers noticed a red pickup in the Holiday Villa parking lot. The pickup was registered to the defendant. The officers continued surveillance of the defendant throughout the evening and the next day. The SEADE officers knew the defendant had two active warrants as well as a suspended driver's license. On March 12, 2009, the officers stopped the defendant in the parking lot of the Holiday Villa and arrested him for the active warrants and for a suspended driver's license. Mr. Raymond E. Scott arrived at the scene. Mr. Scott owned or managed the property. Mr. Scott took the defendant's wallet and dog.

Officer Douglas Coon arrived and was asked to inventory the vehicle and have it towed. The defendant apparently wanted to leave his vehicle at the Holiday Villa. The officers testified that they asked Mr. Scott if they could leave the vehicle on the property and Mr. Scott said no. Mr. Scott disagreed during the hearing and said the officers did not ask him about leaving the pickup on the property. The magistrate judge credited the testimony of the officers in this regard. Investigators John Chavez and Tina Vass then assisted with the inventory of the pickup. Investigator Vass found a camera case containing drug paraphernalia and pseudoephedrine pills on the driver's side floor at nearly the same time that Investigator Chavez found pseudoephedrine pills in bottles near the console.

The magistrate judge determined that the officers had a right to conduct an inventory search pursuant to *South Dakota v. Opperman*, 428 U.S. 364, 373 (1976). In addition, the magistrate judge reviewed the Beatrice Police Department policy regarding

2

impounding of vehicles and determined that the officers were entitled to impound the vehicle as well as conduct an inventory search. The magistrate judge found no violation of the recent case in the United States Supreme Court that now limits searches of vehicles when suspects are in custody. See *Arizona v. Gant*, 129 S. Ct. 1710 (2009). The magistrate judge further determined that the officers found the drugs and paraphernalia at approximately the same moment, that no other drugs were found, and that the officers did not violate Beatrice Police Department policy in conducting the search.

The defendant objects to the report and recommendation of the magistrate judge. The defendant contends that the magistrate judge should not have credited the testimony of Officer Coon and Sergeant Murphy more than Mr. Scott, that the motion to suppress should not have been denied, that the magistrate judge should not have ruled that the discovery of the drugs and paraphernalia were discovered simultaneously, and that the magistrate judge erred in finding that the officers' violation, if any, of the Beatrice Police Department policy when continuing to search would constitute a de minimus violation. The defendant argues that the finding of the drugs and paraphernalia required the officers to stop and obtain a search warrant.

The court agrees with the magistrate judge in all respects. First, the magistrate judge made a credibility determination as to the testimony of the two officers regarding whether the truck belonging to the defendant could be left at the Holiday Villa or not. The court has reviewed that testimony and will adopt the determination of the magistrate judge. Second, the court likewise finds no basis for disagreeing with the magistrate judge's determination that the drugs and drug items were found simultaneously by the two officers. No other incriminating items were found. Accordingly, the court finds there was no need to obtain a search warrant and that the officers were in fact conducting an inventory search

of the vehicle. Third, the court finds that the officers followed Beatrice Police Department policy with regard to inventorying and towing vehicles and had a valid reason for doing so. *See* United States v. Marshall, 986 F.2d 1171 (8th Cir. 1993). And finally, the court finds that for all the reasons stated herein and in the magistrate judge's report and recommendation, *Gant* is inapplicable in this case. Post-*Gant* courts have found that an inventory exception applies to the search of vehicles. *See* United States v. Sands, 2009 WL 1303152 at *3 n.1 (10th Cir. May 11, 2009); United States v. Melton, 2009 WL 2143638 *2 and *8 n.6 (M.D. Ala. July 15, 2009); United States v. Mullaney, 2009 WL 1474305 *3 (D. Idaho May 27, 2009); United States v. Gilbert, 2009 WL 1935845, *3 (W.D. Pa. July 2, 2009). Accordingly, the court finds the motion to suppress must be denied.

THEREFORE, IT IS ORDERED:

1. The defendant's motion to suppress, Filing No. 29, is denied.

2. The defendant's objections, Filing No. 56, to the report and recommendation of the magistrate judge are overruled.

3. The report and recommendation of the magistrate judge, Filing No. 54, is adopted in its entirety.

DATED this 26th day of October, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.